**Dorothy Alice YORK, Sharon York Alemany, Michelle York Hamby, and Tina York Sunderland, Plaintiffs–Appellants,**

v.

**Joy Ann YORK, Defendant–Appellee.**

No. 01–5481.

United States Court of Appeals, Sixth Circuit.

Aug. 22, 2002.

---

Before MERRITT and DAUGHTREY, Circuit Judges, and WEBER,* District Judge.

PER CURIAM.

The plaintiffs, Dorothy Ellis York, Sharon York Alemany, Michelle York Hamby, and Tina York Sunderland, appeal the district court's grant of summary judgment to the defendant, Joy Ann York, in this diversity inheritance dispute governed by Georgia law. Joy Ann York, a Georgia resident, is the fourth wife of Lloyd York, who died on December 7, 1998, in Dade County, Georgia. Plaintiff Dorothy Ellis York was Lloyd York's second wife; Sharon, Michelle, and Tina, residents of Tennessee, are Lloyd's three children by his second wife, Dorothy.

The plaintiffs argued before the district court that defendant Joy Ann York used undue influence and fraud to induce Lloyd York to transfer more than $150,000 in retirement and life insurance benefits to her before his death. The plaintiffs also argued that Lloyd York was mentally incompetent to make these transfers due to the severe deterioration in his health in the months leading up to his death from renal cancer. Based on its review of the evidence submitted on summary judgment, the district court determined that the plaintiffs had failed to raise a genuine issue of material fact as to their undue influence, fraud, and lack of capacity claims, and entered judgment in favor of the defendant and dismissed the complaint.

On appeal, the plaintiffs argue that the district court impermissibly weighed the evidence presented, which, had it been taken in the light most favorable to them, was sufficient to create issues of material fact for the jury. Having carefully reviewed all of the materials submitted on appeal and having had the benefit of oral argument, we are not persuaded that the district court erred in dismissing the complaint. Because the reasons why judgment should be entered for the defendant have been fully articulated by the district court, the issuance of a detailed opinion by this court would be duplicative and would serve no useful purpose. Accordingly, we AFFIRM the judgment of the district court upon the reasoning set out by that court in its well-reasoned opinions of May 24, 2000, and March 20, 2001.